IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INTERMARINE, LLC, INDUSTRIAL MARITIME CARRIERS, LLC, AND INDUSTRIAL MARITIME CARRIERS (BERMUDA), LTD. | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | CIVIL ACTION NO: 4:15-cv-933 |
| ESMERALDA GARCIA, MIRIAN GARCIA, AND MARLENY MARTINEZ | § § § § | |
| *Defendants*. | § | |

## Defendants' Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment

The Court should dismiss Plaintiffs' Complaint because:

1. The IMC Plaintiffs' declaratory judgment action is a blatant attempt at "reverse forum shopping" taken after receiving adverse rulings from the Court who has presided over the underlying case for the past year;

2. There is already a pending case dealing with the exact same subject matter and the exact same parties. The IMC Plaintiffs should raise their affirmative defense in that court instead of asking this Court to grant a "back door" summary judgment via a declaratory judgment; and

3. The courts have repeatedly noted that a party cannot use the Declaratory Judgment Act as a forum shopping tool.

### I.

### Facts

Defendants are the children of Gabriel Garcia. Garcia was tragically killed while working aboard a ship called the M/V INDUSTRIAL DAWN. The incident occurred in the Port of Houston. A heavy piece of equipment was being loaded onto the ship via a crane. The

lift was poorly planned and poorly executed.  The equipment came loose and fell on Garcia. He body was severed in two, amputating his legs.  Garcia died while en route to the hospital. The IMC Plaintiffs were in charge of the lift that killed Defendants' father.

As a result of the incident, in May 2014, Garcia's widow and two of his children filed a wrongful death suit in Harris County, Texas.[1]  Ex. A (state court Petition).  Intermarine, LLC then removed the case to the Southern District of Texas.[2]  Ex. B (Notice of Removal) and Ex. C (Amended Notice of Removal).  The Honorable Lee H. Rosenthal is presiding over this case.

The owner and operator of the ship involved in the incident filed a Complaint for Exoneration From or Limitation of Liability in the Southern District of Texas pursuant to 46 U.S.C. § 30501, *et seq.*  Ex. D (Limitation Complaint).  A Limitation of Liability action shares some similarities to a bankruptcy proceeding.  Vessel owners who face liability from an incident at sea may file a claim pursuant to the Limitation of Liability Act (46 U.S.C. § 30501 *et seq.*).  The vessel owner's goal is to "limit its liability" to the value of the vessel involved in the incident.  *See* 46 U.S.C. § 30505(a).  These cases can only be filed in federal court and are traditionally tried to the bench instead of to a jury.  When a vessel owner files a Limitation of Liability complaint, all claims pending against the vessel owner in other forums are stayed and all claimants must file their claims in the federal Limitation case.  *See* 46 U.S.C. § 30511(c).  Once the vessel owner's liability is resolved, though, the traditional plaintiffs are typically allowed to pursue traditional lawsuits against any other defendants in the forum of their choosing (along with the right to a jury trial).

---

[1] Defendants were not parties to the initial lawsuit.  Instead, they are Garcia's children through a prior marriage.
[2] The case, which is still pending, is *Garcia, et al v. Intermarine, LLC, et al*, CA NO. 4:14-CV-01720.  Judge Lee H. Rosenthal is presiding over this case.

In this case, the vessel owners filed their Limitation complaint in May 2014.  Ex. D.  Like the initial case that was removed to federal court, Judge Rosenthal was assigned to the Limitation action.  The IMC Plaintiffs filed a claim against the vessel owners for contribution, indemnification, and/or for costs associated with the incident.  Ex. E and Ex. F (IMC Plaintiffs Limitation claims).  In September 2014, Esmeralda Garcia, Mirian Garcia, and Marleny Martinez (collectively referred to as "Defendants") also filed claims in the Limitation case.  Ex. G (Defendants' Limitation claims).  The vessel owners promptly tendered the IMC Plaintiffs as third-party defendants to Defendants via Rule 14(c).  Ex. H (Rule 14(c) tender).  This had the same effect as if Defendants had sued the IMC Defendants directly.  *See* Fed. R. Civ. P. 14(c)(2) ("the action proceeds as if the plaintiff had sued  . . . the third-party defendant . . .").

The case was then actively litigated in the Southern District of Texas for several months.  The litigation did not go well for the IMC Plaintiffs.  It quickly became clear that the IMC Plaintiffs were primarily responsible for Garcia's death.  Defendants eventually reached a settlement with all parties except for the IMC Plaintiffs.  Judge Rosenthal also granted summary judgment against the IMC Plaintiffs on their claims against the vessel owner and another party.  Ex. I (order granting summary judgment).  This left only the Garcia's family members' claims against the IMC Plaintiffs.  Importantly, Judge Rosenthal recognized that Defendants' settlement with the vessel owners (who had filed the Limitation Complaint) freed Defendants to file a wrongful death case in state court against the IMC Plaintiffs.  *See* Ex. J (December 10, 2015 order).  This order came about after multiple status conferences where Defendants indicated that they planned to sue the IMC Plaintiffs in Harris County state court.  The IMC Plaintiffs vehemently opposed this as they wanted to tie Defendants up in a federal

3

bench trial instead of having to litigate in front of a state court jury.   But Judge Rosenthal recognized that Defendants' proposed course of action was the proper way to proceed with the litigation and rejected the IMC Plaintiffs' arguments at every turn.

After Judge Rosenthal's December 10, 2015 order, Defendants promptly filed their state court wrongful death suit against the IMC Plaintiffs in Harris County.  Ex. K (Defendants' state court petition).  But in an improper race to the courthouse, the IMC Plaintiffs filed the instant Complaint seeking declaratory relief in this Court.  Doc. #1.  In their Complaint, the IMC Plaintiffs seek a declaration from this Court that one of their affirmative defenses is valid – i.e. a "backdoor" summary judgment.  *See* Doc. #1 at ¶¶ 14-15, 20.  The IMC Plaintiffs had previously raised this affirmative defense via a summary judgment in Judge Rosenthal's court.  Ex. L (IMC Plaintiffs' motion for summary judgment) and Ex. M (Defendants' response to IMC Plaintiff's motion for summary judgment).  Judge Rosenthal expressed doubts as to the merits of the IMC Plaintiffs' motion, but properly recognized that the motion should be decided by the state court judge that would preside over the wrongful death lawsuit.  *See* Ex. J.  Yet, in violation of the spirt of Judge Rosenthal's order (and her pronouncements at multiple status conferences), the IMC Plaintiffs filed this action anyway.

Judge Rosenthal was correct.   The IMC Plaintiffs can (and should) raise their affirmative defense in the state court action.  If it was somehow proper to seek declaratory relief in federal court, which Defendants deny, it is baffling why the IMC Plaintiffs did not file their declaratory judgment action in the Southern District of Texas, where it would likely be assigned to Judge Rosenthal.[3]  It is clear that the IMC Plaintiffs are hoping a third judge will

---

[3] *See* Southern District of Texas Local Rules 5.2 and 7.6.

be more receptive to their arguments than Judge Rosenthal or a state court judge.  This Court should not condone the IMC Plaintiffs' procedural gamesmanship.  Instead, it should dismiss this action so it may proceed in state court.  Alternatively, it should transfer this case to the Southern District of Texas where this case has been actively litigated for more than a year.

## II.

### <u>The Court Should Dismiss Plaintiffs' Declaratory Judgment Action</u>

The Fifth Circuit will "not allow a tortfeasor to seek a declaratory judgment of non-liability and thereby 'procedurally fence' the injured party in the tortfeasor's chosen forum." *Inland Dredging v. Sanchez*, 468 F.3d 864, 866 (5th Cir. 2006) (citations omitted).  In determining whether to dismiss a declaratory judgment action, district courts "may consider a variety of factors including, but not limited to, the existence of a pending state court proceeding in which the matters in controversy may be fully litigated, whether the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, possible inequities in permitting the plaintiff to gain precedence in time and forum, or because of inconvenience to the parties or the witnesses."  *Falcon Drilling Co., Inc. v. Breeland*, 85 F.3d 624 (5th Cir. 1996) (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989)).  Here, all of these factors weigh in favor of dismissal.

### A.    **A state court suit is pending where the matters in controversy may be fully litigated.**

Defendants have filed a wrongful death case against the IMC Plaintiffs in state court. Ex. K.   The state court case is currently pending.  The instant declaratory judgment action

simply seeks a declaration that the IMC Plaintiffs have a meritorious affirmative defense that would relieve them of liability in the state court wrongful death case. *See* Doc. #1 at ¶¶ 14-15, 20.  Defendants disagree that the IMC Plaintiffs' affirmative defense is valid.  But this Court is not the proper forum to resolve that dispute.  The IMC Plaintiffs can, and should, raise this defense in the state court wrongful death suit.  Since a state court suit is pending where the matters raised in this case can be fully litigated, the Court should find that this factor weighs strongly in favor of dismissal.

**B.     The IMC Plaintiffs filed this case in anticipation of another suit and are using this case for the purpose of forum shopping.**

After settling with the vessel owners, and, thus, making the federal Limitation of Liability case moot, Defendants sought dismissal of their federal court case against the IMC Plaintiffs without prejudice.  Ex. N, Ex. O, and Ex. P.  In each brief, Defendants announced their intention to pursue a wrongful death claim against the IMC Plaintiffs in state court.  Ex. N, Ex. O, and Ex. P.  This intention was also made clear during status conferences before Judge Rosenthal.  Indeed, the IMC Plaintiffs obtained a discovery stipulation which provided that all discovery already completed could be used in the anticipated "forthcoming action [to be] filed by" Defendants.  Ex. Q.   It is clear that the IMC Plaintiffs were well aware that Defendants were about to file a state court wrongful death suit against them.

At a November 30, 2015 status conference, Judge Rosenthal orally granted Defendants' motion to dismiss so Defendants could proceed against the IMC Plaintiffs in state court.  Judge Rosenthal then issued a written order memorializing her oral rulings on December 10, 2015.  Ex. J.  Unfortunately, in a misguided "race to the courthouse," the IMC Plaintiffs filed the

instant declaratory judgment action in this Court on December 8, 2015.[4]  Doc. #1.  The IMC Plaintiffs obviously filed this declaratory judgment action in anticipation of the imminent state court wrongful death case.  Consequently, this factor heavily weighs in favor of dismissal.

Moreover, the IMC Plaintiffs' choice of a Fort Worth forum makes little sense considering the underlying incident occurred in Harris County, the IMC Defendants were well aware that Defendants intended to sue them (along with another Harris County tortfeasor) in Harris County, and this case was actively litigated in the Southern District of Texas for over a year.  Nearly two dozen depositions were taken in that case, extensive motion practice was undertaken, and numerous hearings were held.  The IMC Plaintiffs never moved to transfer venue from the Southern District of Texas.  Instead, they participated in the proceedings without any claim of inconvenience due to the Houston venue.  If any declaratory judgment action was appropriate, which Defendants deny, it should have been filed in the Southern District of Texas where it could be assigned to the Judge who was intimately familiar with the case. Instead, the IMC Plaintiffs filed suit here to avoid litigating in a perceived unfavorable state court forum or litigating in front of a Judge who had regularly ruled against them.  This is the very definition of forum shopping.  Since this factor weighs strongly in favor of dismissal, the Court should grant Defendants' motion.

**C.     Maintaining this suit will cause inequities by permitting the IMC Plaintiffs to gain precedence in time and forum.**

---

[4] The IMC Plaintiffs' counsel did not serve the instant Complaint on Defendants' counsel or notify Defendants' counsel in any way that they filed the instant case.

It is well accepted that the traditional plaintiff's choice of forum is given deference. *See Sanchez*, 468 F.3d at 867 (recognizing "the traditional right of an aggrieved party to seek redress in the forum of his choice."); *See also Royal Ten Cate USA, Inc. v. TT Investors, Ltd.*, 562 Fed. Appx. 187 (5th Cir. 2014).   However, if the IMC defendants believe that Harris County is an improper venue for this case, they can move to transfer the case to Tarrant County. Or, if they believe federal removal jurisdiction exists, they could remove the case to the Southern District of Texas and seek to have the case transferred to the Northern District of Texas.  But the IMC Plaintiffs are aware that these procedural maneuvers would be meritless and stand little chance of success.  Moreover, it is clear they do they want to litigate in state court or before Judge Rosenthal in federal court.  As a result, they "raced to the courthouse" to file this instant action hoping for a supposedly more favorable forum than they would normally be entitled to.  It would be inequitable to reward the IMC Plaintiffs for their improper procedural gamesmanship.  It would also be inequitable to deny Defendants (who would traditionally be the plaintiffs) of their choice of forum.

Further, if the IMC Plaintiffs' gambit is successful, their conduct will inevitably create piecemeal litigation.  Defendants are not only suing the IMC Plaintiffs in state court.  They have sued another torfeasor as well.  Ex. K.  Defendants are also contemplating adding additional defendants to their state court lawsuit.  It makes little sense to have this Court preside over a declaratory judgment action designed to obtain a ruling on an affirmative defense when: (1) the state court judge presiding over the wrongful death case can just as easily rule on the merits of the IMC Plaintiffs' defense; and (2) the underlying wrongful death case involves other parties who will not be subject to this Court's rulings.  This factor also weighs in favor of dismissal.

**D.      Maintaining this suit will cause inconvenience to the parties.**

As previously noted, a wrongful death suit is already pending against the IMC Plaintiffs and another defendant in state court. Ex. K. The declaratory judgment action before this Court deals with the same subject matter as the wrongful death suit. Indeed, this suit simply asks this Court to adjudicate an affirmative defense that can just as easily be adjudicated in the state court case. It is axiomatic that only one judge should generally preside over the same case. Indeed, Congress has passed legislation that is partially meant to prevent situations like this. *See* 28 U.S.C. § 1927. If this suit is not dismissed, Defendants will have to: (1) litigate against the IMC Plaintiffs in this Court; (2) litigate against the IMC Plaintiffs in state court; and (3) litigate against the other tortfeasor(s) in state court. Litigating this case on multiple fronts will obviously cause inconvenience to the Parties and could result in inconsistent judicial rulings. Instead, this case should be dismissed so the Parties can litigate their claims (and defenses) in the state court action. Therefore, this factor favors dismissal.

**III.**

**<u>Conclusion</u>**

The Court should grant Defendants' motion and dismiss this action.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Jason A. Itkin*

_____
Jason A. Itkin
Texas State Bar No. 24032461
Cory D. Itkin
Texas State Bar No. 24050808
Noah Wexler
Texas State Bar No. 24060816
6009 Memorial Drive
Houston, Texas  77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
jitkin@arnolditkin.com
citkin@arnolditkin.com
nwexler@arnolditkin.com

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 4, 2016, a copy of the above and foregoing document was served on counsel of record via the Court's electronic filing system ("ECF").

*/s/ Jason Itkin*
Jason Itkin